IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremy Maxwell,<br><br>            Petitioner,<br><br>v.<br><br>Warden of Allendale Correctional Institution,<br><br>            Respondent. | C/A No. 9:25-cv-11415-SAL<br><br><br>**ORDER** |

Petitioner Jeremy Maxwell ("Petitioner"), a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241, challenging the calculation of the sentences he is serving in the South Carolina Department of Corrections ("SCDC"). This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The magistrate judge recommends dismissing the petition without prejudice and without requiring Respondent to file a return. [ECF No. 10.] The Report explains that Petitioner has failed to exhaust his state court remedies. Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 9. Petitioner filed a response. [ECF No. 15.] In his response, he does not object to the magistrate judge's reasoning or the recommended dismissal. *Id.* But he asks for this court's help in filing a 28 U.S.C. § 2254 petition to exhaust his remedies at the state level. *Id.*

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

1

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The magistrate judge correctly recommends summary dismissal of this case where Petitioner has failed to exhaust his state court remedies. *See* ECF No. 10 at 4–7. Further, whether he proceeds under 28 U.S.C. § 2241 or § 2254, exhaustion is required before federal habeas relief is available. *See id.* The Report explains that a Petitioner must exhaust his state court administrative remedies through the SCDC grievance process, the South Carolina Administrative Law Courts, and then the South Carolina appellate courts before bringing a petition for federal habeas review of his sentence calculation claim in this court. *Id.* at 6–7. It is plain from the petition that he has not done so. *Id.* at 7.

In response, Petitioner admits he has not exhausted his claims in state court, but he asks this court to help him "in appropriately and properly filing a 2254 writ of habeas corpus to exhaust all my remedies at the state level and receive all my good behavior credits and credit time served from the County of Charleston and County of Dorchester . . . ." [ECF No. 15.] This court cannot help Petitioner exhaust his state remedies. That process must be initiated and completed by Petitioner himself. To the extent this request can be construed as an objection to the Report, it is overruled.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error and **ADOPTS** the Report, ECF No. 10. For the reasons discussed above and in the Report, the petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

December 2, 2025  Sherri A. Lydon
Columbia, South Carolina  United States District Judge